UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                         CASE NO. 10-cr-60-JJB-DLD-2

SOFJAN LAMID

# RULING

Before this Court are several motions: the Motion (doc. 380) to Dismiss filed by the United States ("the Government"), Motion (doc. 384) for Oral Argument on the Motion to Dismiss, and the Motion (doc. 388) for Leave to File Supplemental Memorandum by Sofjan Lamid. Prior to filing the latter motion, a status conference was held in chambers to discuss the then pending Motion to Dismiss by the United States (doc. 387). The Court took the matter under advisement and granted the parties one additional week to reach a resolution before ruling on the pending motion. As the parties have failed to reach any resolution, the Court will now rule on the pending motions. All responsive briefs were considered for purposes of this ruling.

## STANDARD OF REVIEW

The Government moves, pursuant to Fed. R. Cr. Pr. Rule 32.2(c)(1)(a), to dismiss Mrs. Burlini Lamid's petition asserting an interest in the forfeited property. Rule 32.2(c)(1)(a) permits the court to dismiss such a petition on the following grounds: lack of standing, failure to state a claim, or for any other lawful reason. For purposes of such a ruling, the facts set forth in a petition asserting an interest in the forfeited property are assumed to be true.

## FACTUAL ALLEGATIONS

A thorough recitation of facts and filings are explained in the Motion to Dismiss filed by the Government (doc. 380, at 1-3). On May 4, 2012, Rudy Lamid, the adult son of Dr. Lamid

1

and his wife, Burlini Lamid, caused a *Verified Notice of Claim and Application for Adjudication of Validity Interest in Forfeited Property* (doc. 297) to be filed on behalf of his mother, Burlini. Rudy filed on behalf of his mother, presumably under the authority of a general Power of Attorney ("POA"). However, the POA was signed by Dr. Lamid only and purported to give Rudy authority for the decisions of Dr. Lamid (doc. 380, at 1-2).

## ANALYSIS

The Government moves to dismiss the claims of Mrs. Lamid because the claim did not meet the signing requirement of 21 U.S.C. § 853(n)(3):

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

The Government urges that the signing requirement is more than a procedural formality (doc. 380-1, at 4). Courts have dismissed claims that fail to satisfy the § 853(n)(3) requirements. *See* doc. 380-1, n. 4. The Government urges that Mrs. Lamid did not sign the claim. Further, even if her signing requirement could be satisfied by an agent, the POA relied on by her son, Rudy, is invalid. Mrs. Lamid did not sign the POA. The POA, signed by Dr. Lamid, only mentions Mrs. Lamid in one single sentence that extends the POA to "all decisions, medical/financial to be made regarding" Mrs. Lamid (doc. 297-1, at 5).

The Government further argues that even if a generous reading of the POA suggests that authority to obtain legal representation on behalf of Mrs. Lamid was granted to Rudy, Dr. Lamid, the signer of the POA, did not have "the legal authority to transfer to a third party the authority to conduct the affairs of Mrs. Lamid." (Doc. 380-1, at 6). Even further assuming that Dr. Lamid was permitted to transfer authority of his wife's affairs to their son, the Government urges that Dr. Lamid's own mental capacity was lacking at the time he purported to make this transfer by

2

way of a POA. *Id*. Shortly before Dr. Lamid signed the POA, his counsel filed a motion to continue the scheduled trial due to Dr. Lamid's "mental incapacity to assist his defense counsel." *Id*. Three days before signing the POA, a competency hearing was held with regard to Dr. Lamid. *Id*. As a result of the hearing, Dr. Lamid was found incompetent to stand trial. *Id*. at 7. This was reaffirmed at a second competency hearing that following June. With no valid document giving Rudy Lamid authority over Mrs. Lamid's interest in the seized property, Rudy lacks standing to challenge the Government's forfeiture. *Id*. at 8.

In Rudy's Opposition, counsel points to Mrs. Lamid's interdiction since the year 2000, leaving Mr. Lamid and Rude as curator and undercurator, respectively (doc. 382, at 1-2). The Opposition does not dispute that Rudy filed the petition pursuant to his perceived authority over his mother's affairs. *Id*. at 2. Rudy argues that the signing requirements for filing the claim are enforced strictly in order to "discourage the filing of false of frivolous claims." *Id*. at 3, quoting *United States v. Edwards*, No. 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007). The petition, purportedly filed on Mrs. Lamid's behalf, is arguably not false or frivolous. The Opposition urges that this falls into the lone exceptional circumstance around the signature requirement. *Id*. at 3. The Opposition urges that a simple amendment to the claim filed on Mrs. Lamid's behalf could cure any defects without causing prejudice to the Government. *Id*. at 5.

The Government's Reply first addresses the authority given to Rudy as his mother's undercurator. Most notably, under Louisiana law the undercurator is to "appoint a successor for a curator who becomes disqualified or whose office terminates." La. Code Civ. Proc. art. 4565. It is not permissible for the curator to transfer his duties and obligations to a new curator, instead the curator should resign. La. Code Civ. Proc. art. 4233. Next, the Government argues against allowing Rudy to amend his claim. Upon Mrs. Lamid's death without a will, she is survived by

more than one child (doc. 383, at 6-7). Most notably, to allow Rudy to file a new claim would violate the mandated 30 day time period to petition the court for a hearing regarding the alleged property interest. 21 U.S.C. § 853(n)(2). Given the mandated timeframe to petition the Court, the Opposition's argument to amend its original claim without causing prejudice to the Government must fail. Further, the Government's arguments to dismiss the claims as originally filed because they were filed without authority are supported, even assuming the facts in the petition are true.

## CONCLUSION

The Government's Motion (doc. 380) to Dismiss was filed in October of 2014. The parties have had a chance to respond in writing and through discussion at the status conference on February 2, 2015. The Court granted the parties one additional week to reach some resolution before the Court would rule on the pending motion. Having failed to reach a resolution, the Court considered the motion and all responsive pleadings and is prepared to rule.

As the Court is ruling herein, the Motion (doc. 384) for Oral Argument on the Motion to Dismiss is **DISMISSED**. Since the status conference, Mr. Lamid has moved for leave to file supplemental memorandum. However, having considered the motion, the Court finds no arguments raised that would change the result herein. Therefore, the Motion (doc. 388) for Leave to File Supplemental Memorandum is **DISMISSED**. For the reasons discussed above, the Motion (doc. 380) to Dismiss the Claim of Burlini T. Lamid for Adjudication of Validity of Interest in Forfeited Property is **GRANTED**.

Signed in Baton Rouge, Louisiana, on February 24, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**